UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

V.                                          NO. 07-151

JOSEPH MORRIS                               SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's Motion to Modify Sentencing.  No statutory grounds exist for the Court to modify Morris' sentence, and as such, the Court lacks jurisdiction to hear this motion.  The motion is therefore DENIED.

Background

Mr. Morris pled guilty to nineteen counts of charges of using a false passport, altering a passport, and misuse of a passport, in violation of 18 U.S.C. §§ 1543-44.  He was sentenced on August 11, 2008 to five months imprisonment (as timed served), two years supervised release, a fine of $5,000, and a special assessment of $1,900.  The defendant requests that the Court eliminate the fine imposed and all financial costs from his sentence or, in the alternative, sentence him to six months of jail time in lieu of any fine.  His motion is frivolous.

I.

A sentencing district court only retains jurisdiction to modify a sentence in specific situations.  A sentence to pay a fine

may be (1) modified under 18 U.S.C. § 3573; (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3742; or (3) appealed and modified under 18 U.S.C. § 3742. <u>See</u> 18 U.S.C. § 3572. A judgment that includes a fine as part of the sentence is a final judgment for all other purposes. <u>Id.</u> Such final judgments are appealable only in the court of appeals, unless it falls under one of the specified situations listed in 18 U.S.C. § 3742.

Section 3573 only applies to petitions by the government when reasonable efforts to collect a fine or assessment are not effective. 18 U.S.C. § 3573; <u>see</u> <u>United States v. Allison</u>, 62 F.3d 394, 394 (5th Cir. 1995). Rule 35(a) of the Federal Rules of Criminal Procedure provides for the correcting of a sentence "that resulted from arithemetical, technical, or other clerical error." Rule 35(b) only applies to a motion by the government to reduce a defendant's sentence because of substantial assistance in investigating or prosecuting another person. None of these situations are applicable to Mr. Morris in this case.

Finally, 18 U.S.C. § 3742 provides for

> review of an otherwise final sentence if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is greater than the sentence specified in the

2

applicable guideline range . . . ; (4) was imposed

for an offense for which there is no sentencing

guideline and is plainly unreasonable.

Here, the Sentencing Guidelines provide for a possible fine of $250,000 and a special assessment of $100 for each of the nineteen counts of the charges against the defendant.  The $5,000 fine is within these guidelines, as is the $100 special assessment for each count of the charge, for a total of $1,900.  Therefore the provisions of section 3742 do not apply to Morris, and his sole remedy is to file an appeal in the Court of Appeals.

Furthermore, even if section 3742 did apply to the defendant, the statute requires that the "defendant file a notice of appeal in the district court."  The Court may not review a sentence on a motion to modify a sentence under section 3742; a notice of appeal must be filed with the district court.  <u>Allison</u>, 62 F.3d at 394.

Because the Court lacks jurisdiction to review the defendant's Motion to Modify Sentence, the motion is DENIED.

New Orleans, Louisiana, September 10, 2008.

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE